THE INHABITANTS OF THE TOWN OF PHILLIPSBURG ADS. ANDREW J. RAUB.

1. By force of the second section of the charter of the town of Phillipsburg, (*Laws of* 1872, *p.* 479,) it is the right of said corporation to be served with summons or other legal process, according to the provisions of the third section of the township act. (*Nix. Dig.* 977.)

2. The intention of the third section of the township act, which provides that a " copy of the summons, &c., as may issue against the said township, shall be left with the clerk thereof thirty days, at least, before the session of the court to which the same shall be returnable," was to make at least thirty days between the service of the summons and the return ; the act of March 18th, 1851, (*Nix. Dig.* 732) having abolished the necessity of regarding terms in the return of writs of summons, a legal service can be made on the township at least thirty days before the return day ; on that day the court is, by force of the statute, in session for the return of the writ.

On motion to quash summons for defective service.

Argued at November Term, 1873, before Justices BEDLE, DALRIMPLE and SCUDDER.

For the defendants, *Fitch.*

For the plaintiff, *Frost.*

The opinion of the court was delivered by

BEDLE, J. Section third of the township act (*Nix. Dig.* 977) provides that, " when any suit shall be instituted against any township, a copy of the summons, precept, or such other legal process as may be issued against the said township, shall be left with the clerk thereof, thirty days, at least, before the session of the court to which the same shall be returnable." This writ was tested June 28th, 1873 ; made returnable July 7th, 1873, and served six entire days before its return under the act for the relief of creditors against corporations. (*Nix. Dig.* 172, § 1.) The defendants claim that they are entitled to the benefits of the township act, by reason of section two of their charter, (*Laws of* 1872, *p.* 479.) This is a mere matter of construction, and the conclusion of the court is that, by force of the language in that section, it was the right of the defendants to be served under the township act. That being so, a question is then raised whether the service is a compliance with that act. It is said that, if the service is made in vacation, thirty days before the ensuing term of the court, although there may not be thirty days between the service and the return, supposing the return day to be before the regular term, as in this case, that it is sufficient. This view is not tenable, because, when section three of the township act was passed, writs were necessarily made returnable in term, and the evident purpose of that section was to make at least thirty days between the service and the return. By the act of March 18th, 1851, (*Nix. Dig.* 732, § 6,) courts of law now always remain open for the return of writs of

VOL. VIII.                    D

summons, except on Sunday. That provision, in effect, abolishes any necessity of regarding terms in the return of such writs, and is equivalent to saying that, for that purpose, the court is always in session as in term. The service, therefore, should have been made at least thirty days before the return day, for, on that day, the court was, by force of the statute, in session, for the return of the writ.

The summons and service must be set aside.